KENNETH E. PAYSON (*Pro Hac Vice Pending*)
LAUREN B. RAINWATER (*Pro Hac Vice Pending*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700
Email:  kennethpayson@dwt.com
        laurenrainwater@dwt.com

KELLY M. GORTON (State Bar No. 300978)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:  kellygorton@dwt.com

Attorneys for Defendant
ROBINHOOD FINANCIAL LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COOPER MOORE, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-06117-JD<br><br>**DEFENDANT ROBINHOOD FINANCIAL LLC'S NOTICE OF MOTION AND MOTION FOR TRANSFER OF VENUE; MEMORANDUM IN SUPPORT THEREOF**<br><br>Hearing Date:   October 21, 2021<br>Time:           10:00 am<br>Judge:          Hon. James Donato<br>Courtroom:      Courtroom 11, 19th Floor<br><br>Action filed:   August 9, 2021 |

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

I. INTRODUCTION ........................................................................................................... 2

II. BACKGROUND .............................................................................................................. 3

    A. Plaintiff, a Washington Resident, Alleges a Violation of Washington Law on Behalf of a Proposed Class of Washington Residents. ............................................. 3

    B. Plaintiff's Law Firm Was Previously Co-Class Counsel on a Substantially Similar Lawsuit in Washington. ............................................................................................ 3

III. ARGUMENT ................................................................................................................... 5

    A. Transfer Is Proper Where It Would Promote the Convenience of the Parties and Witnesses and the Interests of Justice. ..................................................................... 5

    B. The Convenience of the Parties and Witnesses and the Interests of Justice Favor a Transfer. .................................................................................................................... 6

        1. The Western District of Washington Is a More Convenient Forum. ............ 6

        2. The Interests of Justice Favor a Transfer. ...................................................... 9

IV. CONCLUSION .............................................................................................................. 10

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

Page

**Cases**

*Amazon.com v. Cendant Corp.*,
　404 F. Supp. 2d 1256 (W.D. Wash. 2005) .................................................................................5

*Baker v. Bayer Healthcare Pharms. Inc.*,
　2015 WL 4456085 (N.D. Cal. July 21, 2015) ............................................................................9

*Berenson v. Nat'l Fin. Servs., LLC*,
　319 F. Supp. 2d 1 (D.D.C. 2004) ................................................................................................8

*Brice v. Cal. Faculty Ass'n*,
　2019 WL 2053586 (E.D. Cal. May 9, 2019) ..........................................................................5, 9

*Christison v. Biogen IDEC, Inc.*,
　2011 WL 5600510 (N.D. Cal. Nov. 17, 2011) ...........................................................................8

*Cohn v. Oppenheimerfunds, Inc.*,
　2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ............................................................................9

*Decker Coal Co. v. Commonwealth Edison Co.*,
　805 F.2d 834 (9th Cir. 1986) ......................................................................................................9

*Gordon v. Robinhood Fin. LLC*,
　E.D. Wash. Case No. 2:19-cv-00390-TOR .......................................................................*passim*

*Hatch v. Reliance Ins. Co.*,
　758 F.2d 409 (9th Cir. 1985) ......................................................................................................5

*Hoffman v. Blaski*,
　363 U.S. 335 (1960) ...................................................................................................................5

*Jones v. GNC Franchising, Inc.*,
　211 F.3d 495 (9th Cir. 2000) ......................................................................................................5

*Jones v. Walgreen Co.*,
　463 F. Supp. 2d 267 (D. Conn. 2006) .........................................................................................8

*Lou v. Belzberg*,
　834 F.2d 730 (9th Cir. 1987) ......................................................................................................8

*Park v. Dole Fresh Vegetables, Inc.*,
　964 F. Supp. 2d 1088 (N.D. Cal. 2013) ......................................................................................5

*Sweet-Reddy v. Vons Cos.*,
　2007 WL 841792 (N.D. Cal. Mar. 20, 2007) .............................................................................7

*T-Mobile USA Inc. v. Selective Ins. Co. of Am.*,
  -- F. Supp. 3d --, 2021 WL 1894088 (W.D. Wash. 2021) ...........................................................9

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................................................5

*Vu v. Ortho-McNeil Pharm., Inc.*,
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ..........................................................................5, 6, 7, 9

*Wick v. Twilio Inc.*,
  2017 WL 2964855 (W.D. Wash. July 12, 2017)..................................................................9

*Williams v. Bowman*,
  157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...............................................................................6

**Statutes**

28 U.S.C.
  § 1391(b)(2)........................................................................................................................5
  § 1404 .................................................................................................................1, 2, 5, 9

Revised Code of Washington
  ch 19.86 (Washington Consumer Protection Act) .........................................................2, 3, 8, 9
  ch 19.190 ...........................................................................................................................9
  § 19.190.060 (Washington Commercial Electronic Mail Act) .........................................2, 3, 8, 9

**Rules**

Federal Rules of Civil Procedure
  45(c)(1)................................................................................................................................7

**Other Authorities**

2 Newberg on Class Actions § 6:38 (5th ed. 2021) ........................................................................7

*Robinhood is Opening New Offices in New York and Seattle* (Feb. 11, 2021) .................................6

Statistical Tables for the Federal Judiciary, Table C-5 U.S. District Courts – Median
  Time from Filing to Disposition of Civil Cases, by Action Taken (June 30, 2021) ..................10

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on October 21, 2021, at 10:00 am, or as soon thereafter as the matter may be heard before the Honorable James Donato in Courtroom 11, 19th Floor of the Northern District of California (San Francisco Division), located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Robinhood Financial LLC (hereinafter "Robinhood") will and through this motion does move the Court under 28 U.S.C. § 1404(a) to enter an order transferring Plaintiff Cooper Moore's Complaint to the Western District of Washington. Robinhood files this Motion to Transfer because the Western District of Washington is a more convenient forum and transfer to the Western District of Washington would serve the interests of justice.

Dated: September 16, 2021                Respectfully submitted,

                                         DAVIS WRIGHT TREMAINE LLP
                                         KELLY M. GORTON

                                         By:  /s/ *Kelly M. Gorton*
                                              KELLY M. GORTON

                                         Attorney for Defendant
                                         ROBINHOOD FINANCIAL LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendant Robinhood Financial LLC ("Robinhood") moves to transfer to the Western District of Washington this putative class action brought by a **Washington resident** who resides in **King County, Washington** seeking to certify a class limited to **Washington residents** who allegedly received text messages in violation of **Washington statutes**. Specifically, Plaintiff Cooper Moore ("Plaintiff") alleges that he received a text message from one of his personal contacts suggesting that he create an account with Robinhood and that this text message was sent in violation of the Washington Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190.060, and the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code ch. 19.86. Plaintiff proposes to certify a class of Washington residents who received text messages in connection with Robinhood's "refer-a-friend" program.

Transfer under § 1404(a) is appropriate for multiple reasons. Washington is the more convenient forum, as it is where Plaintiff and all members of the putative class reside, it is the location where the allegedly wrongful acts occurred, and it is the location where most of the necessary evidence will be located. Additionally, transfer under § 1404(a) will serve the interests of justice. The Western District of Washington is already familiar with the Washington laws that Plaintiff alleges Robinhood violated, and the Western District of Washington has a stronger local interest in this suit regarding alleged violations of Washington law.

Transfer is also in the interests of justice because Plaintiff's choice to file suit in the Northern District of California is strongly suggestive of forum shopping. Plaintiff is represented in this matter by attorneys who were previously co-class counsel in a nearly identical matter then-pending in the Eastern District of Washington. However, the Court in that action recently de-certified the proposed class, finding that these claims were "frivolous" and required "individualized inquiries," and Plaintiff's attorneys withdrew as co-class counsel. The commencement of this copycat lawsuit by the same attorneys in a new forum outside of

Washington—*after* a Washington court decertified the class—suggests Plaintiff's attorneys are seeking a friendlier forum to take a second bite at the class action apple.

For these reasons, and as described more fully below, the matter should be transferred to the Western District of Washington.

## II.  BACKGROUND

### A.  Plaintiff, a Washington Resident, Alleges a Violation of Washington Law on Behalf of a Proposed Class of Washington Residents.

Plaintiff alleges that Robinhood initiated and/or assisted in sending to Plaintiff a text message while Plaintiff was a Washington resident. Compl. ¶ 4. He further alleges that Robinhood operates a refer-a-friend program in which users of Robinhood's commission-free brokerage service can send text messages to their contacts offering recipients free stock if those recipients create a free Robinhood account. *Id.* ¶¶ 20-21. Plaintiff admits that a Robinhood user, not Robinhood, selects the recipient of the text message "from the contacts stored on the user's phone" and transmits the text messages through the user's own mobile device. *Id.* ¶¶ 24, 27.

Plaintiff alleges that the transmission of these messages violated CEMA, Wash. Rev. Code § 19.190.060, and the CPA, Wash. Rev. Code ch. 19.86. *Id.* ¶¶ 51, 54-62. Plaintiff brings his claim on behalf of a putative class of Washington residents who he alleges also received without their consent "commercial" electronic text messages that he claims Robinhood initiated or assisted in transmitting. *See id.* ¶ 39.

### B.  Plaintiff's Law Firm Was Previously Co-Class Counsel on a Substantially Similar Lawsuit in Washington.

Plaintiff's counsel Michelle Drake and Sophia Rios at Berger Montague PC previously represented a plaintiff, Isaac Gordon, in an action against Robinhood in the Eastern District of Washington alleging identical claims under CEMA and the CPA arising from that plaintiff's receipt of a refer-a-friend text message sent by a Robinhood user. *See Gordon v. Robinhood Fin. LLC*, E.D. Wash. Case No. 2:19-cv-00390-TOR. In that case, the court certified a class prior to the parties conducting any discovery. *See id.*, ECF No. 72. After class certification, Robinhood discovered evidence showing that Berger Montague's co-counsel, Brian Cameron, orchestrated

the transmission of the referral text message underpinning Mr. Gordon's complaint and, therefore, manufactured his claims. Specifically, the refer-a-friend text message alleged in Mr. Gordon's complaint was sent by class counsel Brian Cameron's brother. *See id.*, ECF No. 172 at 3-5. And, a week before the text alleged by Mr. Gordon, Brian Cameron's son (and legal intern) also initiated, but did not transmit, a refer-a-friend text message to Mr. Gordon. *Id.* at 4-5. Additionally, the day before Brian Cameron's brother sent the text to Mr. Gordon, Nathan Budke—the friend of Brian Cameron's son who was a named plaintiff in multiple putative class actions brought by Brian Cameron—created a Robinhood account and sent a referral text message to Mr. Gordon. *Id.* at 3-4. Mr. Gordon and his counsel were never able to offer any plausible benign explanation for this sequence of events. Rather, it is clear that Mr. Gordon's claims were manufactured by Brian Cameron and his family.[1]

Robinhood brought these facts to the court's attention and sought a stay while it further investigated the issue. *Id.*, ECF No. 107. In response, Berger Montague posted an online advertisement soliciting a new class representative and informed the court of its intention to substitute in a new class representative. *See id.*, ECF No. 172 at 7-8. When granting Robinhood's motion to stay, the Court made clear that it would not entertain such a "bait-and-switch." *Id.*, ECF No. 120 at 6. Berger Montague then switched tactics and began positioning for decertification so that it could file a copycat lawsuit with a new class representative recruited through its advertisement in the *Gordon* case. *Id.*, ECF Nos. 131, 133.

Robinhood subsequently moved to decertify the class and to disqualify all class counsel, including Berger Montague. *Id.*, ECF No. 172. Robinhood sought disqualification of Berger Montague due to its lack of diligence in conducting any inquiry into Mr. Gordon's claims, as well as its role in knowingly providing untruthful discovery responses and in manipulating the content of produced documents. *See id.* at 23-25; *see also id.*, ECF No. 210 at 13-18. The court decertified the class but declined to disqualify counsel without a full evidentiary record. *Id.*, ECF No. 212. When decertifying the class, the court held that "individualized inquiries will be necessary to determine the circumstances, relationship and consent (apparent or express) of each

---

[1] Indeed, the Court characterized Mr. Cameron's use of his family and friends to manufacture Mr. Gordon's claims as "fraudulent activities" that "make[] the initiation of this action frivolous from the start." *Id.*, ECF. No. 218 at 7.

class member and the person who sent the text message." *Id.* at 5.  Berger Montague then initiated this action with a class representative it presumably solicited while representing the class in *Gordon*.

### III.   ARGUMENT

**A.   Transfer Is Proper Where It Would Promote the Convenience of the Parties and Witnesses and the Interests of Justice.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)).  "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." *Id.* (citing *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000)).

Courts perform a two-step analysis under § 1404(a). *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).  ***First***, the court must determine whether the action could have been brought in the transferee forum. *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) and *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)).  ***Second***, the court considers whether the "'convenience of parties and witnesses in the interest of justice' favor transfer." *Hatch*, 758 F.2d at 414 (quoting 28 U.S.C. § 1404(a)).  The interest of justice, the "most important" consideration, "may be determinative." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) (citation & internal quotation marks omitted); *see also, e.g.*, *Brice v. Cal. Faculty Ass'n*, 2019 WL 2053586, at *4 (E.D. Cal. May 9, 2019) (collecting cases).

Here, venue would have been proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events alleged in this litigation occurred in the Western District of Washington.  Plaintiff is a resident of King County, Washington, and so

presumably received the text message at issue in the Western District of Washington. Plaintiff also seeks to represent a class of Washington residents, the majority of whom likely received the text messages at issue in the Western District. Thus, the question for the Court is whether the convenience of the parties and witnesses and the interests of justice favor transfer. They do.

**B.   The Convenience of the Parties and Witnesses and the Interests of Justice Favor a Transfer.**

**1.   The Western District of Washington Is a More Convenient Forum.**

In deciding which forum is more convenient, courts consider several factors, including (1) the convenience of the parties and the witnesses, (2) ease of access to the evidence, and (3) plaintiff's choice of forum. *See Vu*, 602 F. Supp. 2d at 1156 (citing *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)). Taken together, these factors favor transfer to the Western District of Washington.

*First*, the Western District of Washington will be more convenient for the parties and witnesses. The named Plaintiff, Cooper Moore, is a resident of King County, Washington, which is within the Western District of Washington. Compl. ¶ 9. Accordingly, the Western District of Washington is a more convenient forum for him. Additionally, the alleged class, by definition, consists entirely of Washington residents. *Id.* ¶ 39. For these thousands of putative class members, the Western District of Washington is a far more convenient and logical venue. Robinhood, for its part, conducts business in the District and is opening an office in Seattle, Washington. *See Robinhood is Opening New Offices in New York and Seattle* (Feb. 11, 2021), https://blog.robinhood.com/news/2021/2/10/robinhood-is-opening-new-offices-in-new-york-and-seattle. As all parties have a presence in the Western District of Washington—but Plaintiff and the putative class have no presence in California—the Western District of Washington is certainly the more convenient forum.

*Second*, access to evidence will be significantly easier in the Western District of Washington. Because all members of the proposed class are Washington residents, and this case concerns text messages sent to their cell phones, virtually all of the allegedly illegal text messages will have been received in Washington. In addition, because these text messages were

1 sent by Robinhood users to their own contacts, *see* Compl. ¶¶ 24-25, it is likely that many of the
2 *senders* of these text messages are located in Washington as well.  The parties will thus need to
3 take significant discovery in Washington.  For example, as the *Gordon v. Robinhood* matter
4 demonstrated, Robinhood will need to conduct discovery into the relationship between Plaintiff
5 and the sender of the Robinhood referral text message.  Likewise, Robinhood will need to take
6 discovery of absent class members (all of whom are Washington residents) to determine, among
7 other things: (1) their relationships with the senders of the Robinhood referral text messages;
8 (2) whether the absent class members ever themselves sent Robinhood referral text messages;
9 and (3) whether the absent class members received any benefit from the Robinhood referral text
10 messages.

11 Furthermore, most crucially, if this case were to proceed to trial in the Northern District
12 of California, Robinhood would be unable to compel any absent class members to appear at trial.
13 *See* Fed. R. Civ. P. 45(c)(1) (providing that an individual may be compelled to appear for a trial
14 only within 100 miles of where the person resides, is employed, or regularly transacts business).
15 This would greatly prejudice Robinhood and significantly restrict the parties' access to key
16 evidence at trial.

17 In contrast, apart from some evidence in Robinhood's possession—which, as a party,
18 Robinhood must provide regardless of venue—little evidence is likely located outside of
19 Washington.[2]

20 The Court should give the only remaining factor—the plaintiff's choice of forum—less
21 deference here because "[w]here a plaintiff does not reside in the forum, the Court may afford
22 plaintiff's choice considerably less weight."  *Vu*, 602 F. Supp. 2d at 1156; *see also Sweet-Reddy*
23 *v. Vons Cos.,* 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007).  Additionally, "[i]n class
24 actions, the plaintiff's choice of forum is generally given less weight."  2 Newberg on Class

---

[2] Although the Complaint alleges that Robinhood "designs" and "maintains" its app from California, this does not make California a superior forum.  Robinhood, not Plaintiffs, will bear the cost of any inconvenience associated with a need for Robinhood's witnesses to travel to the Western District of Washington for trial.  And, in any event, the process of "design" or "maintenance" of Robinhood's app is unlikely to be a central issue in this case, where Plaintiff's allegations center on the actual performance of an application installed on the phones of Washington residents, and where the basic facts of the operation of the application are unlikely to be the subject of significant dispute.

DAVIS WRIGHT TREMAINE LLP

Actions § 6:38 (5th ed. 2021); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (holding that "when an individual brings a derivative suit or represents a class, the named plaintiff's chosen forum is given less weight").  Moreover, transfer is appropriate where all or a majority of the putative class resides in a different forum.  *See, e.g.*, *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004) (transferring a class out of the named plaintiffs' home forum primarily on the basis that the largest percentage of the putative class was located in the alternative forum); *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 274 (D. Conn. 2006) (transferring class action where only a small fraction of the putative class was located in plaintiff's chosen forum, and ten times as many members were located in the transferee forum).  Here, **neither Plaintiff nor any member of the putative class resides in the Northern District of California—they reside in Washington instead**.[3]  Accordingly, Plaintiff's choice of venue should be accorded no weight, and the case should be transferred to the Western District of Washington.

Further, "if there is any indication that a plaintiff is forum shopping, its choice will be given little deference."  *Christison v. Biogen IDEC, Inc.*, 2011 WL 5600510, at *1 (N.D. Cal. Nov. 17, 2011).  Here, there is significant indication of forum shopping.  Plaintiff's counsel were previously co-lead counsel in a class action lawsuit making these same allegations—that Robinhood's refer-a-friend program violated Wash. Rev. Code § 19.190.060 and Wash. Rev. Code ch. 19.86—in the Eastern District of Washington.  *Supra* § II; *Gordon*, ECF No. 212, at 3.  However, when the Eastern District de-certified the Plaintiff class in that case, holding that the case presented "individualized inquiries," *id.* at 5, Plaintiff's law firm withdrew as co-lead counsel, *id.* at 6.  The commencement of this copycat litigation in the Northern District of California appears to be forum shopping in an attempt to obtain a second bite at the apple far from the jurisdiction that has already determined class certification is inappropriate.

---

[3] Although the putative class, as Plaintiff has defined it, would also include previous Washington residents who have since moved to other jurisdictions, the number of such class members would be *de minimis* in comparison to the number of current Washington residents.

### 2. The Interests of Justice Favor a Transfer.

"[T]he most important determination in determining transfer under 28 U.S.C. § 1404 is whether the transfer would serve the interests of justice." *Brice*, 2019 WL 2053586, at *4 (citing *Cohn v. Oppenheimerfunds, Inc.*, 2009 WL 3818365, at *6 (S.D. Cal. Nov. 12, 2009)). When performing this analysis, courts consider factors such as (1) any local interest in the controversy and familiarity of each forum with the applicable law, (2) the pendency of related cases and feasibility of consolidation with other claims, and (3) the relative court congestion and time of trial in each forum. *See id.*; *Vu*, 602 F. Supp. 2d at 1156. These factors, too, favor transfer to the Western District of Washington.

*First*, local interest and the familiarity of each forum with the applicable law strongly favor a transfer. This case concerns allegedly unwanted text messages sent solely to Washington residents, and alleges violations exclusively of Washington law. *See* Compl. ¶¶ 39 (defining class as Washington residents), 47-62 (alleging violations of Wash. Rev. Code Ch. 19.190 and Wash. Rev. Code Ch. 19.86). Courts in the Western District of Washington will be more familiar with alleged violations of these statutes, as they routinely adjudicate alleged violations of these Washington laws. *See, e.g.*, *Wick v. Twilio Inc.*, 2017 WL 2964855, at *1 (W.D. Wash. July 12, 2017) (adjudicating alleged violation of Wash. Rev. Code § 19.190.060); *T-Mobile USA Inc. v. Selective Ins. Co. of Am.*, -- F. Supp. 3d --, 2021 WL 1894088, at *3 (W.D. Wash. 2021) (adjudicating alleged violation of Wash. Rev. Code ch. 19.86). Washington also has a strong local interest in having acts that occurred in Washington adjudicated in its fora. *See, e.g.*, *Baker v. Bayer Healthcare Pharms. Inc.*, 2015 WL 4456085, at *3-4 (N.D. Cal. July 21, 2015) (noting there is a "local interest in having localized controversies decided at home," assessing local interest with respect to where the product in question was used, and granting motion to transfer) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Indeed, Robinhood is concurrently filing a motion to dismiss, which seeks dismissal of Plaintiff's claims based on an analysis of these Washington statutes. Because Washington courts routinely adjudicate claims under the Washington CPA and have more familiarity with CEMA, a

1  Western District of Washington court is the more appropriate court to consider and resolve that
2  motion to dismiss.

3  *Second*, the pendency of related cases and feasibility of consolidation, along with relative
4  court congestion, are neutral. Robinhood is unaware of any similar pending cases, and the
5  median time from filing to disposition is comparable between the districts. *See* Statistical Tables
6  for the Federal Judiciary, Table C-5 U.S. District Courts – Median Time from Filing to
7  Disposition of Civil Cases, by Action Taken (June 30, 2021), https://www.uscourts.gov/
8  statistics/table/c-5/statistical-tables-federal-judiciary/2021/06/30 (reporting median time to
9  disposition).

Overall, given the Western District of Washington's familiarity with Washington law and its interests in deciding a case concerning alleged harm to exclusively Washington residents, transfer to Washington is in the interests of justice.

### IV.  CONCLUSION

The Western District of Washington is the superior venue in which to adjudicate this action. The Court should not indulge Plaintiff's counsel's forum shopping after having a nearly identical class action decertified by a Washington federal district court. This putative class action asserting exclusively Washington law claims by and on behalf of a putative class of exclusively Washington residents should be adjudicated by the Western District of Washington. For the convenience of the parties and witnesses, as well as the interests of justice, the Court should transfer this matter to the Western District of Washington and allow that court to rule on Robinhood's concurrently-filed motion to dismiss.

DATED: September 16, 2021

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  */s/ Kelly M. Gorton*
     KELLY M. GORTON
     KENNETH E. PAYSON
     LAUREN B. RAINWATER

Attorneys for Defendant
ROBINHOOD FINANCIAL LLC